## JOHNSON v. MANGUM et al.
### No. 1245.

Municipal Court of Appeals
District of Columbia.

Argued Aug. 11, 1952.

Decided Sept. 8, 1952.

J. Lawrence Hall, Washington, D. C., for appellant.

. Edward C. Donahue, Washington, D. C., (McInerney & McCarthy, Washington, D. C., on the brief), for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This is an appeal from a judgment in favor of plaintiff in an action for damages resulting from an automobile collision in the State of Maryland. Plaintiff's automobile was traveling north on Indian Head Highway, a dual lane highway, and defendant's automobile was traveling south on the same highway. The collision occurred at a point where Livingston Road intersects, but does not cross, the dual highway. Facing Livingston Road at this point is a paved cross-over by which one traveling south on the dual highway may cross the strip separating the lanes and by crossing the northbound lane enter Livingston Road. Defendant made a left turn into the cross-over and then proceeded into the northbound lane, intending to enter Livingston Road, but before he cleared the northbound lane he was struck by plaintiff's automobile. The case was tried by the court without a jury and the court, in its memorandum opinion finding for plaintiff, stated it was satisfied from the evidence that the dual highway is a "favored" highway and proceeded to decide the case under Maryland authorities dealing with such highways. On a motion for a new trial the court, in a memorandum opinion denying the motion, stated that the principal point advanced in support of the motion was that the favored highway rule did not apply in the present case. Answering this contention, the memorandum stated: "However, the Court finds from the evidence adduced at the trial (photograph Plaintiff's Exhibit 3) that there was a 'Stop Sign' erected for traffic coming into Indianhead Highway from Livingston Road and therefore the boulevard stop law would apply in favor of all motor vehicle traffic using said dual highway in both directions from Livingston Road."

All points raised on this appeal relate basically to the claim that the trial court was in error in finding as a fact that there was a stop sign erected for traffic coming into Indian Head Highway from Livingston Road and that Indian Head Highway is a favored highway.

■ "Favored highway" is a term frequently used in Maryland decisions for "through highway". A through highway is defined by the Maryland Code, 1947 Supp. Art. 66½, Sec. 2(a) (59), as: "Every highway or portion thereof at the entrances to which vehicular traffic from intersecting highways is required to stop and yield right-of-way before entering or crossing the same and when stop signs are erected as provided in this Article." Section 187 of that Article authorizes the designation of through highways and stop intersections and the erection of stop signs at entrances thereto, and requires that the driver of a vehicle shall come to a full stop at such sign and yield the right of way to approaching vehicles. Section 178(a) provides: "The driver of a vehicle shall come to a full stop as required by this Article at the entrance to a through highway and shall yield the right of way to other vehicles approaching on said through highway." The effect of these sections of the law, as construed by the Maryland decisions, is to give a "near-absolute right of way" to the favored driver, Sonnenburg v. Monumental Motor Tours, Md., 81 A.2d 617, 620, and to dispense with "nice calculations of speed, time and distance" in determining the relative rights of the drivers. Greenfeld v. Hook, 177 Md. 116, 8 A.2d 888, 893, 136 A.L.R. 1485. See also Brooks v. Childress, Md., 81 A.2d 47; Belle Isle Cab Co. v. Pruitt, 187 Md. 174, 49 A.2d 537; Shedlock v. Marshall, 186 Md. 218, 46 A.2d 349.

■ A far less stringent rule applies at intersections where there are no stop signs. There the law requires the giving of the right of way to those approaching from the right: "This statutory rule is not a peremptory command but rather a cautionary guide" and the question of the right of way is usually dependent on the facts of the particular case. Richardson v. Fleetway Cab, Md., 84 A.2d 910.

Thus, in the case of a through highway or stop intersection the applicable principles are entirely different from those applied in other types of cases. Houlihan v. McCall, Md., 78 A.2d 661, 664. In the instant case it is clear from the two memoranda of the trial judge that he applied the principles governing a through highway intersection collision and the vital question is whether there was evidence from which he could

properly find that Indian Head Highway is a through highway. There was no testimony to that effect and no testimony that there was a stop sign at the intersection of Indian Head Highway and Livingston Road. In his memorandum opinion denying the motion for a new trial the judge stated that from a photograph of the intersection, plaintiff's Exhibit No. 3, he found that there was a stop sign against traffic entering Indian Head Highway from Livingston Road.

This photograph is in the record before us and we have ·examined it with great care. It shows the intersection from the view of one traveling north on the dual highway. To the right of such traveler as he approaches the intersection there is a large sign with the words "Oxon Hill" and an arrow pointing towards Livingston Road. There appears to be on the right hand side of Livingston Road facing traffic using that road and approaching its intersection with the dual highway a traffic sign of some kind, but except for one edge it is completely obscured in the photograph by the Oxon Hill sign. Our careful scrutiny of the photograph convinces us that the trial court was in error in finding as a fact on the basis of the photograph that there was a stop sign on Livingston Road.

In the absence of proof of a stop sign there was no evidence from which the trial court could have found that Indian Head Highway was a through highway. See Houlihan v. McCall, supra, where the court said: "We think it is clear that the erection of signs by the proper authorities is a necessary prerequisite to the creation of a through highway or stop intersection."

Appellee relies heavily on Brooks v. Childress, supra, a case quite similar in facts to the present one. The court in its opinion treats the dual lane highway there involved· as a through highway without reference to any stop signs. However, the briefs and appendices in that case, which we have examined, show clearly that there was positive evidence of stop signs on both sides of the intersection.

Since the trial court's finding that Indian Head Highway was a through highway was not based on substantial evidence, it follows that there was error in deciding the case on the basis of through highway law.

Reversed with instructions to grant a new trial.